IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01703-RBJ

DAMIAN M. KIRBY,

    Applicant,

v.

HARVEY LAPPIN, Director F.B.O.P., Washington, D.C., and
GARCIA, Warden, F.C.I. Englewood,

    Respondents.

---

ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS

---

The matter before the Court is an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 6), filed on July 11, 2012, by Applicant Damian M. Kirby. This Court issued an Order to Show Cause to Respondents on August 7, 2012. Respondents filed a response to the show cause order (Answer) on August 21, 2012. (Doc. # 21). Applicant did not file a reply. On February 28, 2013, Respondents filed a Notice of Petitioner's Release from Custody (Doc. # 25).

The Court has determined that it can resolve the Application without a hearing. 28 U.S.C. § 2243. *See Jeter v. Keohane*, 739 F.2d 257 n. 1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.").

**I. Background**

At the time he initiated this action, Applicant was a federal Bureau of Prisons (or "Bureau") inmate who was incarcerated at FCI-Englewood, Colorado. He was sentenced on March 12, 2009 by the United States District Court for the Southern District of Ohio to a 70-month term of incarceration for receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). (Declaration of Kindel Brodigan, Doc. # 21-1, at ¶ 3, and attach. 1). Applicant was released from federal custody, via good conduct time, on February 15, 2013. (Declaration of Cassandra Grow, Doc. # 25-1, at ¶ 3).

Pursuant to the Second Chance Act of 2007 ("SCA"), P.L. 110-199 (eff. April 9, 2008), codified at 18 U.S.C. § 3624(c), the Bureau of Prisons typically arranges for an inmate who is nearing completion of his sentence to be transferred to a community correctional facility, such as a Residential Reentry Center (RRC), where the inmate has an opportunity to adjust and prepare for reentry into the community. (Doc. # 21-1, at ¶ 4). On November 2, 2011, Applicant was reviewed for RRC placement under the Second Chance Act. (*Id.* at ¶ 7). Applicant's unit team determined that 151-180 days of pre-release RRC placement was sufficient to assist Applicant with his re-entry into society. (*Id.* at ¶ 9).

**II. Habeas Application**

Applicant filed *pro se* his Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on July 11, 2012. He challenges the Bureau's decision to deny him, and other eligible federal inmates, the maximum twelve months of RRC placement, and six months of home confinement, authorized by the SCA, as a violation

2

of his federal due process rights and the Eighth Amendment. For relief, he asks the Court to order the Bureau to conduct an assessment for RRC placement consistent with the five criteria specified in 18 U.S.C. § 3621(b), and to prohibit the Bureau from considering any "extraordinary and compelling re-entry needs," because that factor is not authorized by the statute. (Doc. # 6, at 9). Applicant further requests that the Court order the BOP "to submit any and all eligible inmates for placements and consideration for the full twelve months and the additional six months halfway house and home confinement programs . . . ." (*Id.*).

Respondents notified the Court in a Pre-Answer Response (Doc. # 17) that they do not intend to raise the affirmative defense of failure to exhaust administrative remedies.

### III. Legal Standard

### A. Habeas Corpus Actions

A district court is only authorized to issue the writ of habeas corpus when the Applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."); *see also Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (recognizing that a § 2241 application generally includes such matters as the administration of parole, computation of a prisoner's sentence by prison

officials, and prison disciplinary actions).  In the context of challenges to the length of a prisoner's placement in an RRC, the relief which may be granted is an order directing the Bureau of Prisons to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in an RRC.  *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007) (affirming grant of writ and ordering BOP to consider factors set forth in § 3621(b) to determine whether requested transfer should be made).

### B.  *Pro Se* Litigant

Applicant is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  The Applicant's pro se status does not entitle him to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### IV.  Analysis

**A. Mootness**

The Court first addresses the question of mootness. Respondents argue in their Answer that Applicant's claim requesting a twelve-month RRC placement is moot because at the time he filed the Amended Application, his projected release date was less than twelve months away. (Doc. # 21-1, at ¶ 3). Indeed, Applicant was released from federal custody on February 15, 2013.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks and citations omitted); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."). A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation marks and citation omitted). *See also Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the


case is moot, and dismissal may be required.") (internal quotation marks and citation omitted).

Once Applicant was released from prison, he no longer had a redressable injury arising from the Bureau's RRC determination.  *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *accord Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) ("the best this court could do for [petitioner] would be to declare [in an advisory opinion] that he spent longer in prison than he should have," which is not enough to satisfy Article III).  Applicant therefore must establish the existence of continuing "collateral consequences" as a result of the RRC placement decision to demonstrate a live case or controversy.  *Spencer*, 523 U.S. at 7-8.

The parties have not identified an ongoing injury relating to Applicant's claim and the Court is not aware of any.  As such, Applicant fails to present a case or controversy for purposes of Article III and the Amended Application must be dismissed for lack of subject matter jurisdiction.

**B.  Alternative Determination on the Merits**

Even if the Amended Application is not moot, Applicant cannot prevail on the merits of his claim.

Applicant challenges the Bureau of Prisons' decision to limit his RRC placement to the last 151-180 days of his sentence, instead of the maximum twelve months authorized by the Second Chance Act.  He claims that the Bureau's determination violates his federal due process rights and the Eighth Amendment.

### 1. Regulatory framework

The Bureau determines a prisoner's suitability for placement in an RRC through the application of regulations and agency policies. Two statutes govern the BOP's authority to place a prisoner in an RRC, namely, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c).

Generally, § 3621 allows the Bureau to designate the place of a prisoner's incarceration during a term of imprisonment, while § 3624 allows a prisoner preparing for reentry to be placed in an RRC or in home confinement during the final months of a sentence. Pursuant to 18 U.S.C. § 3621(b), the Bureau has broad discretion to designate any appropriate and suitable place for the prisoner's confinement, considering–

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the [sentencing] court– (A) concerning the purposes [of the prison sentence]; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2) of title 28.]

18 U.S.C. § 3621(b).

In 2007, Congress passed the SCA, which states, in pertinent part:

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
> . . .
>
> (4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c).

Prior to the enactment of the SCA, § 3624(c) provided that assignment to an RRC under this provision would "not [ ] exceed 6 months." The SCA granted the Bureau of Prisons discretion to place soon-to-be-released inmates into RRCs for longer periods of time. In order to effectuate this additional discretion, the Bureau issued two memoranda providing guidance to its staff regarding the proper implementation of § 3624(c).

A Memorandum issued on April 14, 2008, addresses pre-release inmates. In relevant part, this memorandum:

> instructed staff that they must make prerelease placement decisions "on an individual basis in every inmate's case" and that "the Bureau's categorical timeframe limitations on pre-release community confinement . . . are no longer applicable, and must no longer be followed." R. at 65; *see also id.* at 67 ("Bureau staff must approach every individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release RRC placement."). Staff were instructed to review inmates for pre-release placements at an earlier time, e.g., seventeen to nineteen months before their projected release dates, and to consider pre-release inmates on an individual basis using the five factors from 18 U.S.C. § 3621(b). However, the memorandum also stated that "[w]hile the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less" and that "[s]hould staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must

8

>obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." *Id.* at 67.

*Garza v. Davis*, 596 F.3d 1198, 1202–03 (10th Cir. 2010) (discussing Bureau's April 14, 2008 memorandum regarding SCA changes).

The second Bureau of Prisons memorandum, issued November 14, 2008, addresses inmate requests for transfer to RRCs when more than twelve months remain from their projected release dates (that is, non-prerelease inmates). As relevant here, this memorandum states that upon the receipt of an inmate's request to be transferred to an RRC before his prerelease 12-month period, Bureau staff must make an individualized determination of the inmate's eligibility for such a transfer based on the five factors set forth in § 3621(b). *Id.* at 1203 (discussing Bureau's November 14, 2008 memorandum regarding SCA changes). The November 14, 2008 memorandum further states that "'[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs.'" (*Id.*) (quoting November 14, 2008 memorandum).[1]

In accordance with the SCA, the Bureau also amended its applicable regulation to state:

>Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22 (2008).

---

[1] On June 24, 2010, the BOP issued a new memorandum providing revised guidance for RRC placements. (Doc. # 21-2). The 2010 memoranda no longer requires approval by the BOP regional director for RRC placements longer than six months. (*Id.*).

Congress has granted the Bureau of Prisons considerable discretion in placing inmates. *See* 18 U.S.C. § 3621(b) (the Bureau "may designate any available penal or correctional facility. . . that the Bureau determines to be appropriate and suitable"). Nothing in the SCA indicates a Congressional intent to impose any limitations or restrictions on the Bureau's authority in this regard.  Accordingly, the Court does not find a statutory presumption that twelve months' RRC placement is required for most inmates.  *See Bun v. Wiley,* No. 09-1289, 351 F. App'x 267, 268 (10th Cir. Oct. 27, 2009) (unpublished) (recognizing that the SCA "does not entitle prisoners to a twelve-month placement in an RRC").  Indeed, such a construction would be contrary to Congress' expressed intent for the Bureau to retain its discretion on placement matters. *See* 18 U.S.C. § 3624(c)(4).  Moreover, before passage of the SCA, courts repeatedly rejected arguments that the prior language authorizing prerelease custody entitled them to a particular amount of RRC placement.  *See, e.g.*, *Zamarripa v. Peterson*, 105 F. App'x. 253, 254 (10th Cir. 2004) (unpublished) (quoting *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992)) ("[n]othing in § 3624(c) indicates any intention to encroach upon the [Bureau of Prisons'] authority to decide where the prisoner may be confined during the pre-release period").  If Congress intended the SCA to constrain the Bureau's discretion in placement decisions, it could have used express language to effectuate that change.  Instead, the SCA makes no substantive changes to the BOP's discretionary authority.  *See Henderson v. Davis*, No. 10-cv-00838-MSK, 2010 WL 4627802, at *3 n. 3 (D. Colo. Nov. 8. 2010).

The Bureau of Prisons is vested with broad statutory authority to determine the length of a prisoner's RRC assignment.  *See* 18 U.S.C. § 3624(c)(1) and (4).  The Court's review of the Bureau's RRC placement decision for Applicant therefore is limited to determining whether the Bureau properly followed the statutory guidelines and related agency regulations and policies.  The Court may not second guess the Bureau's substantive decision.  *See Fournier v. Zickefoose*, 620 F.Supp.2d 313, 318 (D. Conn. 2009).

### 2. RRC placement decision

The evidence submitted by Respondents demonstrates that Applicant's unit team reviewed him for RRC placement under the provisions of the SCA on November 2, 2011. (Doc. # 21-1, at ¶ 7).  The unit team considered the following factors, in accordance with 18 U.S.C. § 3621(b): the resources of the facility contemplated; nature and circumstances of Applicant's offense; Applicant's institutional history and characteristics, including his work performance, educational/vocational participation, Inmate Financial Responsibility Program (IFRP) participation, relevant prior record and disciplinary history; any statement by the sentencing court; and, Applicant's community resources, including family support, life skills, financial resources, general job skills, and release residence.  (Doc. # 21-1, at ¶ 9). Upon evaluating this information, the unit team recommended Applicant's placement in an RRC for 155-180 days. (*Id.*).  No compelling or extraordinary circumstances were found to justify RRC placement beyond six months. (*Id.*).  Applicant was notified of the decision on January 23, 2012.  (*Id.*).

The record reflects that FCI-Englewood prison staff considered the statutory factors contained in 18 U.S.C. § 3621(b) and determined Applicant's RRC placement on

an individualized basis.  Bureau of Prisons policy makes clear that an RRC placement beyond six months is warranted only "when there are unusual or extraordinary circumstances justifying such placement."  *Garza*, 596 F.3d at 1203.  Applicant does not identify any such circumstances that were ignored by the Bureau.

The Court finds that the Bureau's designation of Applicant for approximately six months of pre-release RRC placement was an appropriate decision, within the scope of the Bureau's statutory authority, and did not deprive Applicant of his due process rights. Applicant's sentence has not been executed unlawfully and he therefore is not entitled to federal habeas relief.[2]  *See Radick v. Federal Bureau of Prisons*, No. 11-cv-00298-DME, 2011 WL 2692951 at *3 (D. Colo. July 11, 2011); *Henderson*, 2010 WL 4627802, at **2–3.

## C.  Proper Respondent

Finally, Respondents maintain that Harley Lappin, the Director of the Federal Bureau of Prisons, is not an appropriate Respondent in this action.  (Doc. # 21, at 13). "The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian."  *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir.1995).  Rene Garcia, as the warden of the facility Applicant resided in at the time he initiated this action, is the only correct Respondent.  (*See* ECF No. 21-1, at ¶ 3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

---

[2] As to the relief Applicant requests for other "similarly situated" prisoners, Applicant "lacks standing to bring claims on behalf of others."  *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993).

(1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**V. ORDER**

Accordingly, it is ORDERED:

1. Applicant Damian M. Kirby's Amended Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF # 6) is DISMISSED for lack of subject matter jurisdiction. Alternatively, the Application is DENIED on the merits.

2. No certificate of appealability will issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the Amended Application states a valid claim of the denial of a constitutional right.

3. Leave to proceed *in forma pauperis* on appeal is denied. Applicant may file a motion in the Tenth Circuit.

Dated this 18th day of April, 2013, at Denver, Colorado.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge